# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0926-23

NEW JERSEY DIVISION OF
CHILD PROTECTION AND
PERMANENCY,

    Plaintiff-Respondent,

v.

O.V. (deceased),

    Defendant.

_____

IN THE MATTER OF K.V.,
a minor.

_____

Argued March 6, 2024 – Decided July 10, 2024

Before Judges Sumners and Smith.

On appeal from an interlocutory order of the Superior Court of New Jersey, Chancery Division, Family Part, Passaic County, Docket No. FN-16-0092-20.

Anne E. Gowen argued the cause for appellant J.F. (Legal Services of New Jersey, attorneys; Anne E. Gowen, Mary M. McManus, and Sylvia L. Thomas, on the brief).

Renee Greenberg, Deputy Attorney General, argued the cause for respondent (Matthew J. Platkin, Attorney General, attorney; Donna Arons, Assistant Attorney General, of counsel; Renee Greenberg, on the brief).

Noel C. Devlin, Assistant Deputy Public Defender, argued the cause for minor (Jennifer Nicole Sellitti, Public Defender, Law Guardian, attorney; Meredith Alexis Pollock, Deputy Public Defender, of counsel; Noel C. Devlin, of counsel and on the brief).

PER CURIAM

In this Title 30 action, we granted J.F. (Jen)[1] leave to appeal the Family Part judge's September 27, 2023 orders (1) denying her Rule 4:34-1(b) motion to substitute for her deceased sister, O.V. (Olivia) in Title 30, N.J.S.A. 30:4C-1 to -40, permanency proceedings regarding K.F. (Kamila), Olivia's daughter and Jen's niece; and (2) dismissing her summary judgment motion. The New Jersey Division of Child Protection and Permanency (Division) and Law Guardian oppose substitution and entry of summary judgment. We affirm.

In January 2020, the Division removed the five-month-old Kamila from her mother's care due to her mother's substance misuse. Kamila, whose biological father is unknown, was placed with a resource parent for twenty-two months but was subsequently reunited with her mother. Approximately eight

---

[1] We use pseudonyms or initials to protect the confidentiality of the participants in these proceedings. R. 1:38-3(d).

A-0926-23

months later, Kamila was removed from her mother's care again because her mother violated the Division's safety and protection plan. Kamila was placed back in the care of her previous resource parent, where she continues to reside today.

In October 2022, Olivia died during the pendency of the Division's permanency proceedings to determine the best interests of Kamila's placement. Over the ensuing months, the Division considered Kamila's placement with Jen and another family member, which included home assessments, bonding evaluations, and in-person and virtual visits. Meanwhile, at a January 2023 permanency hearing, Olivia's attorney asked to be relieved as counsel due to his lack of standing and suggested the judge join Jen in the permanency proceeding. The order relieving Olivia's attorney was not included in the record. However, it appears the request was granted based on the court's comments at the time of the request and the record reflects that Olivia's attorney did not appear at any subsequent hearings.

While Jen was being evaluated by the Division for Kamila's placement, Jen took offensive action in March 2023, by filing a complaint under N.J.S.A.

9:2-9[2] to obtain custody of Kamila.  About three months later, Jen moved under

Rule 4:34-1(b)[3] to substitute for Olivia in the permanency proceeding, claiming

---

[2]  N.J.S.A. 9:2-9 provides:

> When the parents of any minor child or the parent or other person having the actual care and custody of any minor child are grossly immoral or unfit to be intrusted with the care and education of such child, or shall neglect to provide the child with proper protection, maintenance and education, or are of such vicious, careless or dissolute habits as to endanger the welfare of the child or make the child a public charge, or likely to become a public charge; or <u>when the parents of any minor child are dead or cannot be found</u>, and there is no other person, legal guardian or agency exercising custody over such child; <u>it shall be lawful for any person interested in the welfare of such child to institute an action in the Superior Court</u>, Chancery Division, Family Part, in the county where such minor child is residing, for the purpose of having the child brought before the court, and for the further relief provided by this chapter.  The court may proceed in the action in a summary manner or otherwise.
>
> [Emphasis added.]

[3]  Rule 4:34-1(b) provides:

> Non-Party Survivors.  If a party dies and the claim is not thereby extinguished, the court shall on motion order substitution of the proper parties.  The motion for substitution may be made by the successors or representatives of the deceased party or by any party, and notice thereof shall be served on parties as provided

4

she was the proper party to take over for her sister in the Division's continued prosecution of Kamila's permanency. While awaiting oral argument, Jen moved for summary judgment, anticipating her substitution motion would be granted.

About four months later, the Division ruled out Jen's home for licensing due to several safety concerns and "missing documentation."

Following argument, the judge reserved judgment. Several weeks later, the judge rendered a bench decision denying Jen's substitution motion. The judge determined there is no case law interpreting <u>Rule</u> 4:34-1(b), which governs substitution of non-surviving parties, to "support[] the proposition that a relative may intervene [or substitute] in[to] [an] FN litigation instituted by the Division . . . [in other words,] to step into the shoes of a deceased parent." The judge cited <u>S.M. v. A.W.</u>, 281 N.J. Super. 63, 69 (App. Div. 1995), "the closest case on point," for its ruling that a relative who is interested in obtaining custody of a child of a recently deceased parent should institute a separate custody

---

by <u>R.</u> 1:5-2 and on persons not parties in the manner provided by either <u>R.</u> 4:4 (service of original process), or, if the court directs, <u>R.</u> 4:67-3 (service of orders to show cause).

A-0926-23

litigation. The judge noted that because Jen filed such litigation "which is proceeding simultaneously with the within [permanency hearing]," her substitution motion must be denied. Because Jen did not have standing in the permanency hearing, the judge did not consider her motion for summary judgment. Finally, the judge determined that because Olivia passed away and Kamila's father was unknown, the Division should continue to have custody, care, and supervision of Kamila. The judge's rulings were memorialized in two September 23, 2023 orders.

In appealing, Jen asserts her substitution is appropriate under Rule 4:34-1(b) because the Division "continu[es] to prosecute the [permanency litigation] towards a goal of terminating parental rights." As the soon-to-be executor and administrator of her deceased sister's estate, Jen contends she is the proper party for substitution. Fed. R. Civ. P. 25(a)(1); accord L. 2021, c. 481, §§ 1, 2 (amending, respectively, N.J.S.A. 2A:15-3(a)(2) and 2A:31-2(b), to avoid prejudicial delay by allowing qualified persons to initiate litigation under wrongful death statute or Survivor's Act even prior to formal appointment as executor or administrator of estate). Claiming she had standing to substitute for Olivia, Jen argues summary judgment was erroneously denied because the Division "can no longer sustain its . . . allegations concerning its need to take

6

custody of Kamila to protect her from [Olivia's] substance abuse." Following argument, Jen submitted a supplemental letter under Rule 2:6-11(d)(1) arguing that our Supreme Court's recent decisions in N.J. Div. of Child Prot. & Permanency v. B.P., 257 N.J. 361 (2024) and N.J. Div. of Child Prot. & Permanency v. J.C., 257 N.J. 451 (2024) support her summary judgment claims. The Division and the Law Guardian opposed Jen's arguments.

Based on our de novo review of the judge's interpretation of Rule 4:34-1(b) in considering Jen's motion for substitution, see N.J. Dept. of Env't Prot. v. Exxon Mobil Corp., 453 N.J. Super. 272, 285 (App. Div. 2018), we affirm substantially for the reasons set forth by the judge. We add the following brief comments.

Under Rule 4:34-1(b), "[i]f a party dies and the claim is not thereby extinguished," the party may be substituted by a "successor[] or representative[] of the deceased party." Olivia's rights in the permanency proceeding were extinguished upon her death; therefore, the Division has no claims against her. This was evidenced by Olivia's counsel's request to be relieved as counsel after her death and his absence in any subsequent proceedings. Moreover, "[p]arental rights are individual in nature." N.J. Div. of Youth & Fam. Servs. v. M.M., 189 N.J. 261, 288 (2007). As the Law Guardian points out, the "[c]ustody of a child

is not 'a claim' that passes from one person to another." See N.J. Div. of Youth & Fam. Servs. v. C.S., 367 N.J. Super. 76, 110 (App. Div. 2004). Olivia's rights were subject to the State's interest as the "protector of [the] child[]" according to its "parens patriae" responsibility to do what is in Kamila's best interest. See ibid. Jen thus has no right to replace her sister.

Jen's pathway to obtain custody of Kamila is only through the custody action she filed under N.J.S.A. 9:2-9, which the Family Part will adjudicate.[4] See Watkins v. Nelson, 163 N.J. 235, 246 (2000). Because we agree with the judge that Jen cannot be a party in this action, her summary judgment motion is moot. See Redd v. Bowman, 223 N.J. 87, 104 (2015) ("An issue is 'moot when our decision sought in a matter, when rendered, can have no practical effect on the existing controversy.'" (quoting Deutsche Bank Nat'l Tr. Co. v. Mitchell, 422 N.J. Super. 214, 221-22 (App. Div. 2011))). Consequently, we do not address Jen's reliance on B.P. and J.C.[5]

---

[4] While this appeal was pending, Jen learned her original complaint was lost after it was delivered by courier to the Passaic County courthouse and it was not filed. Jen re-filed the complaint, which is pending before the Family Part.

[5] We observe that neither B.P. nor J.C. apply. Each involves proceedings different from the record before us. B.P. considered whether a parent committed abuse and neglect under Title Nine. 257 N.J. at 365. J.C. considered "whether a family court judge may dismiss an action for the care and supervision of

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

children brought pursuant to [Title 30] but continue restraints on a parent's conduct." 257 N.J. at 455.

A-0926-23